## No. 4423.

### John T. Michel *v.* John Kaiser and al.

The sheriff, when effecting a sale, has the right to exercise his judgment as to the solvency and sufficiency of the security offered, and to require bidders to be prepared at once to comply with the conditions of the sale. Art. 689, Code of Practice.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *R. King Cutler,* and *E. K. Washington,* for plaintiff and appellant. *Cotton & Levy* and *E. Filleul* for defendants and appellees.

Justices concurring—Ludeling, Taliaferro, Howell and Kennard.

TALIAFERRO, J. The plaintiff brings this action against the defendant and other parties to recover from them "The Magazine street Railroad," which the plaintiff alleges he bought at a sheriff's sale, having been the last and highest bidder for the property, and thereby acquired the right to have it adjudicated to him as the purchaser. That the sheriff, in violation of the rights of petitioner and of his own duties as an officer, wrongfully and illegally adjudicated the property to the defendants at a less sum than that bid by him. The sheriff is also made a party defendant. The defendants severed in their answers, pleading the general issue. There was judgment for the defendants and the plaintiff has appealed.

It seems that some time in the year 1872, the Magazine street Railroad was sold at sheriff's sale, and that the plaintiff and two or three of the defendants were the principal competitors in bidding for the property. Upon the first offering the property was knocked off to Michel, the plaintiff, at the price of $149,000. A surety was offered by Michel worth $60,000. The deputy sheriff who made the sale demanded another surety or sureties. A short delay was asked for and granted to enable Michel to procure additional security. Failing

in this the property was reoffered and Michel bid again in competition with the same parties who bid at the first exposure. When Michel's bid reached $60,000 the sheriff inquired of him if he had any other surety present besides Kerr, the person first offered, who had stated under oath that he was worth $60,000. Michel replying in the negative, the sheriff then said "I will not take Michel's bid beyond what he says he is worth." Notwithstanding this he received Michel's bid to the amount of $67,000. Kaiser bid $68,000 and Michel bid $69,000. But the testimony of Philips, one of the witnesses, who is an attorney, attended the sale in the interest of a client, and who, it appears, was attentive to all that passed, is that when Michel bid $67,000 the sheriff warned him that he could not receive his bid with the proposed surety for any larger amount. This statement is corroborated by the testimony of the sheriff himself who says: "The last bid of the party to whom it was adjudicated was $68,000; Michel bid $69,000; I refused peremptorily to take the bid; then I cried the property with a loud and audible voice at $68,000. I refused to take Michel's bid; he was bidding $69,000. I made up my mind that taking Kerr for $66,000 or $67,000 and the check for $2000 that he gave me, was more than Kerr was worth. I gave time to the party. Michel came forward and asked if I would delay; I told him I could not delay much; it was the second adjudication. Then the property was sold to the parties who complied with the terms of the sale instantly."

It appears that the terms of the sale required the payment of $2000 in hand to cover costs, taxes, etc., and that Michel had tendered his check for that amount, which the sheriff was willing to receive. It was contended in argument that as the sheriff was willing to receive Kerr as surety for $67,000 and the check for the $2000 cash, Michel had complied with the terms by offering accepted security for his bid of $69,000. Whatever may be said of this we think the testimony shows that the sheriff had at no time considered the obligation of Kerr together with the check to be sufficient for more than $67,000. He distinctly notified Michel, while crying the property the second time, that the security tendered by him would not be received for more than $67,000. We are unable to see that the sheriff's acts in making the sale are unauthorized by law. He seems to have been governed by the provisions of article 609 of the Code of Practice. He had the right to judge of the solvency and sufficiency of the security offered, and to require bidders to be prepared at once to comply with the conditions of the sale. We see no error in the decree of the lower court.

Judgment affirmed.

Rehearing refused.